**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ADCS, INCORPORATED,
                    *Plaintiff-Appellant,*

v.

ROLLIE O. KIMBROUGH, JR.,
                    *Defendant-Appellee,*

and

MCSI TECHNOLOGIES, INCORPORATED,
formerly known as Micro Computer
Systems, Incorporated,
                    *Defendant.*

No. 01-1564

ADCS, INCORPORATED,
                    *Plaintiff-Appellee,*

v.

ROLLIE O. KIMBROUGH, JR.,
                    *Defendant-Appellant,*

and

MCSI TECHNOLOGIES, INCORPORATED,
formerly known as Micro Computer
Systems, Incorporated,
                    *Defendant.*

No. 01-1647

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-99-1978-A)

Argued: October 31, 2001

Decided: March 8, 2002

Before WILKINSON, Chief Judge, and WIDENER and
GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Charles Francis B. McAleer, Jr., MILLER & CHEVA-
LIER, CHARTERED, Washington, D.C., for Appellant. Paul-
Michael Justin Sweeney, LINOWES & BLOCHER, L.L.P., Silver
Spring, Maryland, for Appellee. **ON BRIEF:** Jeri K. Somers, MIL-
LER & CHEVALIER, CHARTERED, Washington, D.C., for Appel-
lant.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Plaintiff ADCS, Inc. (ADCS) appeals the district court's grant of
summary judgment to defendant Rollie O. Kimbrough, Jr. (Kim-
brough) on its fraud, constructive fraud, unjust enrichment and con-
version claims arising out of a contract between ADCS and MCSI
Technologies, Inc. to provide technology services and equipment to
the government. Defendant Kimbrough cross appeals an earlier order
of the district court denying his motion to dismiss for lack of subject
matter jurisdiction, improper jurisdiction, failure to state a claim, and
failure to join a necessary party.[1] We agree with the district court's

---

[1] We construe Kimbrough's brief as a motion to dismiss his cross-
appeal with prejudice if the judgment of the district court with respect to
his liability is affirmed. Accordingly, Kimbrough's cross-appeal is dis-
missed with prejudice.

conclusion that although the plaintiff may have a contract claim against MCSI, now to be dealt with, there is no evidence that Kimbrough is personally liable on the plaintiff's claims. Therefore, we affirm summary judgment in favor of defendant Kimbrough on the reasoning of the district court. See *ADCS, Inc. v. MCSI Technologies, Inc. et al.*, C.A. No. 99-1978-A (E.D. Va. March 23, 2001).

I.

Kimbrough is president and chief executive officer of MCSI, Inc., a Maryland corporation. ADCS is a California corporation which provides information technology services and equipment.

In December 1996, MCSI was awarded a contract with the Department of Veterans Affairs to provide information technology services as a prime contractor. In this capacity, MCSI could enter into subcontracts to provide services to the government. ADCS, as a subcontractor, not being qualified to bid as a general contractor, successfully bid on a project to perform scanning and document imaging work on a Panama Canal project, with MCSI serving as the prime contractor. Because of the urgency of the Canal and other government projects, ADCS allegedly did not have time to qualify as a prime contractor on its own.

After some negotiation, MCSI and ADCS entered into a Subcontract Agreement effective July 1, 1998, which governed the contractor/subcontractor relationship between themselves. On December 30, 1999, ADCS filed an eight count complaint against MCSI and Kimbrough individually arising from the alleged breach of the July 1, 1998 contract. Specifically, three counts were directed against MCSI: (1) breach of contract; (2) declaratory judgment and specific performance; and (3) quantum meruit; and five counts were directed against both Kimbrough individually and MCSI: (4) promissory estoppel; (5) unjust enrichment; (6) conversion; (7) fraud; and (8) constructive fraud.

MCSI filed its Chapter 11 bankruptcy petition in the District of Maryland on March 10, 2000. MCSI subsequently filed a suggestion for a stay and a notice of removal to the U.S. Bankruptcy Court. The district court ordered the case stayed as to MCSI pending the disposi-

tion of the bankruptcy proceeding. Following the stay, ADCS filed, in the bankruptcy court, a notice of dismissal without prejudice as to MCSI.

After the claims solely against MCSI had been dismissed in this case in view of the bankruptcy proceeding, Kimbrough moved to dismiss the remaining claims against himself. The district court at first granted Kimbrough's motion to dismiss as to the promissory estoppel claim, but declined to dismiss the fraud, constructive fraud, unjust enrichment and conversion claims. The court concluded it had both subject matter and personal jurisdiction and that venue was proper.

Shortly before trial was scheduled to begin, Kimbrough filed a motion to dismiss or in the alternative for summary judgment. The district court held a hearing and issued an order removing the trial from the docket and indicated it was of opinion that defendant Kimbrough's motion should be granted. Later, in March 2001, the district court issued its final order and memorandum opinion granting summary judgment to Kimbrough and dismissing the case. The court concluded that ADCS had not come forward with evidence that Kimbrough was personally liable on plaintiff ADCS's claims.[2]

## II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and review a district court's grant of summary judgment de novo. See *United*

---

[2]Although no order was entered by the district court dismissing defendant MCSI from the case, we conclude that MCSI was effectively dismissed. The district court stated in its Memorandum Opinion that "ADCS, Inc. then dismissed MCSI as a defendant in this proceeding." We treat the paper called "praecipe" filed by ADCS in the district court prior to service of an answer or motion for summary judgment, and which included a copy of a notice of dismissal filed with the bankruptcy court, as a dismissal of MCSI from the case "without court approval" under Rule 41(a)(1). Furthermore, in its memoranda before the district court, Plaintiff ADCS acknowledged that "[a]s a result of that dismissal, the only pending claims are state common law claims against Kimbrough individually." (JA 86, 217) We express no opinion as to the paper on the same subject filed in the bankruptcy court called "motion of dismissal."

*States v. Kanasco, Ltd.*, 123 F.3d 209, 210 (4th Cir. 1997). The moving party must demonstrate the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). We consider the evidence in the light most favorable to the nonmoving party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Although it is true that a corporate officer can be held individually liable for tortious conduct under certain circumstances, see *Metromedia Company v. WCBM Maryland, Inc.*, 610 A.2d 791, 794 (Md. 1992),[3] there are no material facts in dispute which support the tort claims against defendant Kimbrough.

### III.

We turn first to ADCS's claim that Kimbrough was unjustly enriched at ADCS's expense. Maryland courts have recognized three required elements of unjust enrichment: (1) a benefit conferred upon the defendant by the plaintiff, (2) an appreciation or knowledge by the defendant of the benefit, and (3) the acceptance or retention of the benefit by the defendant of the benefit under such circumstances as to make it inequitable for the defendants to retain the benefit without payment of its value. See *Berry & Gould, P.A. v. Berry*, 757 A.2d 108, 113 (Md. 2000).

We agree with the district court that ADCS has not come forward with any evidence that Kimbrough personally benefitted from the Subcontract Agreement. Kimbrough appropriately received a salary for his work as CEO of ADCS. Other payments, such as those made to Prinvest, a lender with whom ADCS had a financing agreement, with funds ADCS alleges should have gone to it, were payments made by MCSI for obligations of the corporation. There is no unjust enrichment claim against Kimbrough where there was no benefit received by him.

Similarly, ADCS's claim for conversion against Kimbrough fails

---

[3]Like the district court, we apply Maryland law.

because there is no evidence Kimbrough personally received any property or monies belonging to ADCS. Under Maryland law, "[a] conversion is any distinct act of ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it." *Allied Investment Corp. v. Jasen*, 731 A.2d 957, 963 (Md. 1999) (citations omitted). As the prime contractor, MCSI was entitled to receive payment from the government. As a contractual matter under the terms of the Subcontract Agreement, ADCS was entitled to payment for its services as the subcontractor. Although ADCS may have a contractual dispute with MCSI in which ADCS claims it was not paid or did not receive monies allegedly owed, no conversion claim can lie against Kimbrough because there is no evidence Kimbrough personally received any payment from the government which belonged exclusively to ADCS.

Turning to ADCS's claims of fraud and constructive fraud, we agree with the district court that the plaintiff has presented no evidence of a misrepresentation of a material fact by Kimbrough. To prevail on a claim of fraud under Maryland law, a plaintiff must prove by clear and convincing evidence that (1) the defendant made a false representation to the plaintiff; (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference to the truth; (3) that the misrepresentation was made for the purpose of defrauding the plaintiff; (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff actually suffered compensable injury resulting from the misrepresentation. See *Alleco, Inc. v. Harry & Jeanette Weinberg Foundation, Inc.*, 665 A.2d 1038, 1047 (Md. 1995).

ADCS presented no evidence of a misrepresentation of a material fact by Kimbrough. Although MCSI may have been in poor financial condition when it entered into the subcontract with ADCS, it is pure speculation to infer that Kimbrough entered into the contractual relationship fraudulently. Unsupported speculation is not sufficient to defeat a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

Plaintiff's constructive fraud claim fails for similar reasons. Under Maryland law a key element of constructive fraud is the breach of a legal or equitable duty. See *Scheve v. McPherson*, 408 A.2d 1071,

1076 (Md. 1979) (defining constructive fraud as "a breach of legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests."). Here, not only are there no facts regarding any misrepresentations made by Kimbrough, plaintiff has not identified, nor are we aware of, any legal duty Kimbrough had that he breached in entering into the Subcontract Agreement on behalf of MCSI.

## IV.

In sum, we agree with the district court that although ADCS may have a claim for monies due under the contract with MCSI, that is a matter for the Bankruptcy Court. The filing of bankruptcy by a corporation does not make the officers of the corporation liable and ADCS has not come forward with evidence that Kimbrough is personally liable on plaintiff's claims.

The judgment of the district court is accordingly,

*AFFIRMED.*[4]

---

[4]Because we affirm summary judgment in favor of defendant Kimbrough, we need not reach the issues raised in Kimbrough's cross appeal. See note 1, supra.

To the extent that ADCS appeals the denial of its claim for dismissal of the promissory estoppel claim in its complaint, we also affirm the order of the district court. Since we have affirmed the district court in its other rulings on the merits of the case, ADCS with refreshing candor recognizes that its appeal in that respect is without merit:

> Accordingly, to the extent that this court reverses the District Court and remands this case for trial, ADCS should be entitled to proceed on the additional theory of promissory estoppel.

ADCS Br., p.58-59. (Footnote omitted.)